UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SANDRA K. REECE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) No. 1:13-cv-01063-SEB-MJD |
| CAROLYN W. COLVIN Acting | ) |
| Commissioner of the Social Security | ) |
| Administration, | ) |
| | ) |
| Defendant. | ) |

**REPORT AND RECOMMENDATION**

Plaintiff Sandra Reece requests judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for Social Security Disability Insurance Benefits ("DIB") under Title II and Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("the Act"). *See* 42 U.S.C. §§ 416(i), 423(d), & 1382c(a)(3). For the reasons set forth below, the Magistrate Judge recommends that the decision of the Commissioner be **REVERSED AND REMANDED**.

### I. Procedural History

Reece filed applications for DIB and SSI on April 16, 2010 alleging an onset of disability of February 26, 2010. Reece's applications were denied initially and on reconsideration. Reece requested a hearing which was held on September 20, 2011 before Administrative Law Judge Julia Gibbs ("ALJ"). The ALJ denied Reece's applications on November 4, 2011. The Appeals Council denied Reece's request for review on May 7, 2013, making the ALJ's decision the final decision for purposes of review. Reece filed her Complaint on July 2, 2013.

## II. Factual Background and Medical History

Sandra Reece was 46 years old on the alleged onset date and has past relevant work as a molding machine operator, line worker, forklift operator, and meat cutter. Reece alleges disability due to arthritis, spondylolisthesis, degenerative disc disease, hypothyroidism, and gastroesophageal reflux disease ("GERD").

Reece's medical records date back to 2006 when MRIs and x-rays revealed mild degenerative disc disease in the lumbar and thoracic spine and facet arthropathy. She began treatment of facet joint injections for pain relief. Reece also sought treatment at Midwest Pain Management from W. Douglass Ross, D.O. who indicated that she had a herniated disc.

In November 2008, Reece underwent a CT scan of the lumbar spine which revealed facet arthropathy which was severe at L4-L5, mild degenerative changes of the cervical spine and spondylolisthesis.

The record reflects that Reece received several medical evaluations from David Wulff, P.A.C. from February to May 2010. Mr. Wolf diagnosed Reece with osteoarthritis, sciatica-bilateral, hypothyroidism, GERD, and chronic pain. He indicated that Reece had a limited range of motion, muscle aches, and pain radiation down both legs.

In June 2010, Reece received a consultative examination from Shuyan Wang, M.D. Dr. Wang diagnosed Reece with chronic low and upper back pain, lumbar spine spondylolisthesis, arthritis, GERD hypothyroidism, obesity, asthma, depression and anxiety. Dr. Wang reported that Reece had limited strength in her left lower extremity and would need some restriction for standing and walking, climbing, weight lifting and carrying. Dr. Wang further reported that Reece had difficulty bending and is unable to squat.

In July 2010, J. Sands, M.D. of the Disability Determination Bureau ("state agency") completed a Physical Residual Functional Capacity Assessment. Dr. Sands did not evaluate

Reece and based the opinion from review of the record. Dr. Sands found that Reece could perform the equivalent of light work and did not provide an opinion regard whether Reece's impairments met or equaled any impairment in the Listing of Impairments. This assessment was affirmed by state agency physician Mangala Hasanadka, M.D. in September 2010.

### III. Applicable Standard

To be eligible for SSI and DIB, a claimant must have a disability under 42 U.S.C. § 423.[1] Disability is defined as "the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). In order to be found disabled, a claimant must demonstrate that her physical or mental limitations prevent her from doing not only her previous work, but any other kind of gainful employment which exists in the national economy, considering her age, education, and work experience. 42 U.S.C. § 423(d)(2)(A).

In determining whether a claimant is disabled, the Commissioner employs a five-step sequential analysis. At step one, if the claimant is engaged in substantial gainful activity, she is not disabled, despite her medical condition and other factors. 20 C.F.R. § 404.1520(b). At step two, if the claimant does not have a "severe" impairment (i.e., one that significantly limits her ability to perform basic work activities), she is not disabled. 20 C.F.R. § 404.1520(c). At step three, the Commissioner determines whether the claimant's impairment or combination of impairments meets or medically equals any impairment that appears in the Listing of

---

[1] In general, the legal standards applied in the determination of disability are the same regardless of whether a claimant seeks DIB or SSI. However, separate, parallel statutes and regulations exist for DIB and SSI claims. Therefore, citations in this opinion should be considered to refer to the appropriate parallel provision as context dictates. The same applies to citations of statutes or regulations found in quoted court decisions.

3

Impairments, 20 C.F.R. pt. 404, subpt. P, App. 1, and whether the impairment meets the twelve-month duration requirement; if so, the claimant is disabled. 20 C.F.R. § 404.1520(d). At step four, if the claimant is able to perform her past relevant work, she is not disabled. 20 C.F.R. § 404.1520(f). At step five, if the claimant can perform any other work in the national economy, she is not disabled. 20 C.F.R. § 404.1520(g).

In reviewing the ALJ's decision, the ALJ's findings of fact are conclusive and must be upheld by this Court "so long as substantial evidence supports them and no error of law occurred." *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* This court may not reweigh the evidence or substitute its judgment for that of the ALJ. *Overman v. Astrue*, 546 F.3d 456, 462 (7th Cir. 2008). The ALJ "need not evaluate in writing every piece of testimony and evidence submitted." *Carlson v. Shalala*, 999 F.2d 180, 181 (7th Cir. 1993). However, the "ALJ's decision must be based upon consideration of all the relevant evidence." *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994). In order to be affirmed, the ALJ must articulate her analysis of the evidence in her decision; while she "is not required to address every piece of evidence or testimony," she must "provide some glimpse into her reasoning . . . [and] build an accurate and logical bridge from the evidence to her conclusion." *Dixon*, 270 F.3d at 1176.

### IV.     The ALJ's Decision

Applying the five-step analysis, the ALJ found at step one that Reece had not engaged in substantial gainful activity since February 26, 2010, the alleged onset date. At step two, the ALJ found that Reece had the following severe impairments: obesity, hypothyroidism, asthma,

4

gastroesophageal reflux disease, arthritis, and degenerative disc disease with facet arthropathy and foraminal stenosis.

At step three, the ALJ determined that Reese did not have an impairment or combination of impairments that meets or medically equals any impairment in the Listing of Impairments.

Next, the ALJ found that Reece had the residual functional capacity ("RFC") to perform sedentary work as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a) with the following limitations: Reece must have the option to alternate between sitting and standing every hour; she cannot bend forward from the waist; she cannot rotate her head to the right completely; and she cannot climb stairs, ladders, or ropes.

At step four, the ALJ determined that Reece was unable to perform any past relevant work. At step five, the ALJ determined that, considering Reece's age, education, work experience and RFC, there were jobs that existed in significant numbers in the national economy that Reece could perform. Therefore, the ALJ determined that Reece was not disabled.

## V. Discussion

The central issue in this matter is whether there is substantial evidence to support the ALJ's decision that Reece was not disabled. *Dixon*, 270 F.3d at 1176. Reece raises four arguments on review: 1) the ALJ ignored critical evidence demonstrating disability; 2) the ALJ failed to consult a medical expert at step three; 3) the ALJ's credibility determination is patently erroneous because it is contrary to Social Security Ruling ("SSR") 96-7p; and 4) substantial evidence does not support the ALJ's determination at step five that Reece was not disabled.

Reece's first and second arguments primarily concern the ALJ's analysis at step three. Reece argues that the ALJ never mentioned or considered Listing 1.04A, although the evidence

5

proved that she met or equaled the listing. Reece cites to *Ribaudo v. Barnhart*, 458 F.3d 580, 583 (7th Cir. 2006), to support her position.

It is true that the ALJ did not mention Listing 1.04A or any other listing for that matter. The ALJ's discussion at step three comprised of the following two sentences:

> The undersigned reviewed the various listings in 20 C.F.R. Part 404, Subpart P, Appendix 1, but finds that the record fails to evidence the requisite elements of any. No treating or examining physician has mentioned findings equivalent in severity to the criteria of any listed impairment, nor does the evidence show medical findings that are the same or equivalent to those of any listed impairment.

[R. at 24.] Reece argues that Seventh Circuit law requires an ALJ to specifically cite every Listing relevant to the evidence and to discuss all of the evidence relevant to the applicable Listings. However, the Seventh Circuit has declined to extend the notion that an ALJ's failure to cite to a specific listing alone requires automatic reversal. *See Rice v. Barnhart*, 384 F.3d 363, 369-370 (7th Cir. 2004); *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002) (declining to extend the principle that failure to cite to the listings is grounds for automatic remand); *Ribaudo*, 458 F.3d at 583 ("[A]n ALJ should mention the specific listings he is considering and his failure to do so, if combined with a 'perfunctory analysis,' *may* require a remand") (emphasis added).

The Court finds that the ALJ's perfunctory analysis at step three necessitates remand. The Court agrees that *Ribaudo* is controlling here. In that case, the Seventh Circuit found the ALJ's two-sentence discussion at step three to be perfunctory. *Id*. The claimant also argued that the medical evidence demonstrated that his impairments met or equaled Listing 1.04A. *Id*.

The criteria for Listing 1.04A is the same in the present case as it was in *Ribaudo*: Listing 1.04A is met if the claimant has a [d]isorder[] of the spine (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equine) or the spinal cord with evidence of nerve root compression characterized by neuro-anatomic

distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine). 20 C.F.R. pt. 404, subpt. P, App. 1, 1.04A; *Ribaudo*, 458 F.3d at 583.

The *Ribaudo* court found that the ALJ did not evaluate any evidence relating to the criteria that favored the claimant. *Ribaudo*, 458 F.3d at 583. As examples, the court provided that the claimant's doctors indicated that the claimant's nerve roots were compressed and further noted that the claimant had sciatica. *Id*. at 584. The neuroanatomic distribution of pain may have been satisfied by the claimant's sciatic pain. *Id*. The claimant had difficulty squatting and that an inability to squat or walk on toes or heels can be evidence of significant motor loss. *Id*. The claimant displayed weakness in his lower extremity which is indicative of motor loss with muscle weakness. *Id*. The claimant complained of loss of sensation in his calf area and complained of numbness in his right leg which may indicate sensory loss. *Id*. The claimant also had a limited range of motion in his spine and experienced pain during straight-leg raising tests. *Id*. at 583.

The Court cannot help but note the substantial similarities of the record in the case at bar to *Ribaudo*. Reece has a spinal disorder of degenerative disc disease with facet arthropathy. [R. at 22.] Reece's treating physician's assistant, Mr. Wulff, diagnosed Reece with sciatica which "is caused by injury to or pressure on the sciatic nerve." [R. at 236, 239], U.S. National Library of Medicine, http://www.ncbi.nlm.nih.gov/pubmedhealth/PMH0001706/ (last visited June 19, 2014). The pain in her back radiated down her legs. [R. at 235, 239.] Mr. Wulff and Dr. Wang indicated that Reece had limited range of motion, so much so that Dr. Wang recommended that Reece not do any bending. [R. at 235, 267, 269.] Mr. Wulff and Dr. Wang also indicated that

Reece had difficulty squatting and walking; specifically Dr. Wang found that Reece was unable to walk on heels, all of which suggest motor loss. [R. at 238, 268-69.] Dr. Wang further found that Reece had limited strength in her left lower extremity which suggests muscle weakness. [R. at 269.] Reece also complained of numbness in her left leg down to her feet and sometimes in the right leg. [R. at 239, 264.] Dr. Wang also noted that Reece had positive straight leg tests in the supine position. [R. at 267.]

This case is distinguishable from *Ribaudo* in that the court in that case found that the ALJ failed to evaluate any of the evidence that supported the claimant's position that his impairments met Listing 1.04A. However, the ALJ in the present case specifically evaluated this evidence, namely the findings of Mr. Wulff and Dr. Wang. [R. at 25, 26.] The ALJ accorded some limited weight to Mr. Wulff's opinion, referring to it as vague, but found that it was "generally consistent with the record." [R. at 25.] On the other hand, the ALJ accorded Dr. Wang's opinion great weight, again as it is "generally consistent with the evidence of record." [R. at 26.] The decision is therefore unclear as to how the ALJ arrived at the conclusion that Reece's impairments did not meet or equal Listing 1.04A, as the ALJ failed to build a logical bridge from the evidence of record.

The Commissioner argues that the ALJ reasonably relied on the Disability Determination and Transmittal forms [R. at 69-72] which indicated that Plaintiff's impairments did not meet or medically equal a listing. Defendant relies on *Scheck v. Barnhart*, 357 F.3d 697, 700 (7th Cir. 2004), as support. However, as determined in *Ribaudo*, "the ALJ may rely solely on opinions given in Disability Determination and Transmittal forms and provide little additional explanation only so long as there is no contradictory evidence in the record." 458 F.3d at 584. As in *Ribaudo*,

Reece has presented contradictory evidence suggesting that her impairment meets Listing 1.04A. *Id.*[2]

The Commissioner also argues that Mr. Wulff is not "an acceptable medical source" as he is a physician's assistant. The Court need not examine whether Mr. Wulff is an acceptable medical source as the ALJ did not give this as a reason in her step three determination or as a reason for according Mr. Wulff's some limited weight. Thus, the Commissioner's attempt to explain the ALJ's reasoning in this regard is done in violation of *Chenery*. *SEC v. Chenery Corp.*, 318 U.S. 80, 87-88 (1943); *Parker v. Astrue*, 597 F.3d 920, 922 (7th Cir. 2010).

Defendant further argues that Mr. Wulff's and Dr. Wang's reports have little to do with Listing 1.04A. However, as explained above, the Court disagrees as the reports mirror the facts of *Ribaudo*.

Plaintiffs arguments regarding the ALJ's credibility and step five determinations are waived as boilerplate language typically found in counsel for Plaintiff's briefs that is both undeveloped and unsupported. *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991); *Firkins v. Astrue*, No. 1:09-cv-00923-JMS-TAB, 2010 WL 3037257, at *4 (S.D. Ind. Aug. 3, 2010).

---

[2] The Commissioner also argues that the Court should consider Reece's arguments here waived as she failed to address them in her initial brief. *See Macklin v. Colvin*, 1:13-cv-00020-JMS-MJD, 2013 WL 5701048, at *9 (S.D. Ind. Oct. 18, 2013) ("Arguments raised for the first time on reply are generally waived.") (citing *Griffin v. Bell*, 694 F.3d 817, 822 (7th Cir. 2012). The Court finds that Reece did not waive the argument as she sufficiently addressed that the ALJ committed error by failing to cite or discuss Listing 1.04A. However, as discussed in *Ribaudo*, the burden remains on the Plaintiff to demonstrate that her impairment meets a listing and satisfies all criteria. 458 F.3d at 583. The Court notes that Reece's initial brief failed to show how her impairment met Listing 1.04A as she only cited to a CT scan that predated the alleged onset date of disability and mischaracterized the ALJ's findings with regard to the CT scan. [Dkt. 18 at 6-10.] Reece's counsel also refers to a doctor that is nowhere to be found in the medical record, indicative of Mr. Mulvany's habit of cutting-and-pasting facts and arguments, some of which are routinely wholly irrelevant to the case at bar. However, Mr. Mulvany attempts to cure the failure to prove that Reece's impairments met Listing 1.04A in the initial brief by giving specific facts which correlate to the listing's criteria in the reply brief. [Dkt. 22] As such, the Court allowed the Commissioner an opportunity to file a surreply to respond to the additional facts raised by Mr. Mulvany. [Dkt. 23.] However, the Commissioner's surreply failed to make a sufficient distinction from *Ribaudo* to warrant affirmance of the ALJ's decision.

## VI. Conclusion

For the reasons set forth above, substantial evidence does not support the ALJ's conclusion that Reece was not disabled. The Magistrate Judge recommends that the Commissioner's decision be **REVERSED AND REMANDED**. Any objections to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), and failure to timely file objections within fourteen days after service shall constitute a waiver of subsequent review absent a showing of good cause for such failure.

Date: 06/24/2014

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Patrick Harold Mulvany
patrick@mulvanylaw.com

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov