UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SANDRA K. REECE, | ) |
| Plaintiff, | ) |
| vs. | ) 1:13-cv-01063-SEB-MJD |
| CAROLYN W. COLVIN, | ) |
| Defendant. | ) |

**ORDER OVERRULING DEFENDANT'S OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This is an action for judicial review of the final decision of Defendant Commissioner of Social Security ("Commissioner") finding Plaintiff Sandra K. Reece not entitled to Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") pursuant to the Social Security Act ("the Act"), 42 U.S.C. § 405(g), from February 26, 2010 through November 4, 2011. The Administrative Law Judge ("ALJ") denied Ms. Reece's application for DIB and SSI after concluding that Ms. Reece was not disabled and that there are jobs that exist in significant numbers in the national economy that Ms. Reece can perform, including as an Information Clerk, Charge Clerk, and Hand Packer. This case was referred to Magistrate Judge Dinsmore for consideration. On June 24, 2014, Magistrate Judge Dinsmore issued a report and recommendation that the Commissioner's decision be reversed and remanded because the substantial evidence does not support the

ALJ's conclusion that Ms. Reece was not disabled. This cause is now before the Court on Defendant's Objections to the Magistrate Judge's Report and Recommendation.[1]

**Standard of Review**

We review the Commissioner's denial of benefits to determine whether it was supported by substantial evidence or is the result of an error of law. *Rice v. Barnhart,* 384 F.3d 363, 368-69 (7th Cir. 2004); *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Dixon v. Massanari,* 270 F.3d 1171, 1176 (7th Cir. 2001). In our review of the ALJ's decision, we will not "reweigh evidence, resolve conflicts, decide questions of credibility, or substitute our own judgment for that of the Commissioner." *Lopez,* 336 F.3d at 539. However, the ALJ's decision must be based upon consideration of "all the relevant evidence," without ignoring probative factors. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994). In other words, the ALJ must "build an accurate and logical bridge" from the evidence in the record to his or her final conclusion. *Dixon*, 270 F.3d at 1176. We confine the scope of our review to the rationale offered by the ALJ. *See SEC v. Chenery Corp.*, 318 U.S. 80, 93–95 (1943); *Tumminaro v. Astrue,* 671 F.3d 629, 632 (7th Cir. 2011).

---

[1] Plaintiff makes no objection to the Magistrate Judge's Report and Recommendation, but requests that the Defendant's Objection be overruled. Plaintiff makes an argument that her appeal of the ALJ's decision was broader than simply an argument related to Listing 1.04A. Because Plaintiff does not object to the Magistrate Judge's Report and Recommendation on this basis, we limit our review of the Magistrate Judge's Report and Recommendation to Defendant's objections. *See* Fed. R. Civ. P. 72(b); *see Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 759-61 (7th Cir. 2009).

When a party raises specific objections to elements of a magistrate judge's report and recommendation, the district court reviews those elements *de novo,* determining for itself whether the Commissioner's decision as to those issues is supported by substantial evidence or was the result of an error of law. Fed. R. Civ. P. 72(b). The district court "makes the ultimate decision to adopt, reject, or modify" the report and recommendation, and it need not accept any portion as binding; the court may, however, defer to those conclusions of the report and recommendation to which timely objections have not been raised by a party. *See Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 759-61 (7th Cir. 2009).

## Discussion

Defendant objects to the Magistrate Judge's Report and Recommendation on three bases: (1) that Plaintiff waived any argument that the ALJ erred in failing to cite or discuss Listing 1.04A; (2) that substantial evidence supports the ALJ's finding that Plaintiff's impairments did not meet or medically equal a listing; and (3) that Plaintiff has failed to prove that any error by the ALJ was harmful. We address these arguments below.

**A.   Plaintiff Did Not Waive Her Argument That the ALJ Erred in Failing to Cite or Discuss Listing 1.04A.**

Defendant objects to the Magistrate Judge's conclusion that Plaintiff did not waive her argument that the ALJ erred when failing to cite or discuss Listing 1.04A. We agree with the Magistrate Judge that Plaintiff did not waive this argument.

Defendant argues that the Court should not overturn the ALJ's decision based on an argument that Plaintiff failed to develop in the initial briefing. [Dkt. No. 26 at 1.] Plaintiff

argued in her opening Brief that "[t]he ALJ never mentioned or considered Listing 1.04A, although the evidence proved that she met or equaled the Listing." [Dkt. No. 18 at 6; *see also id.* at 9.] In the fact section of her Brief, Plaintiff discusses the abnormalities in her musculo-skeletal system and limited range of motion and muscle aches. [*Id.* at 2.] She recounts her diagnosis of sciatica as well as her severe low back pain and numbness. [*Id.* at 3.] Although Plaintiff certainly could have better connected the record to her complaint that the ALJ failed to cite or discuss Listing 1.04A, it cannot be said that she did not raise Listing 1.04A in her original brief.

In comparing the facts of this case to those in *Ribaudo v. Barnhart*, 458 F.3d 580 (7th Cir. 2006), the Magistrate Judge referred to several facts related to Plaintiff's alleged spine disorder. [Dkt. No. 25 at 7-8.] Defendant argues that "[t]he magistrate judge points out findings from Wulff's form and Dr. Wang's report that allegedly relate to Listing 1.04A criteria (Doc. 25 at 7-8). However, Plaintiff cited *none* of these findings in her reply brief." [Dkt. No. 26 at 2-3.] We disagree. Defendant focuses only on page 6 of Plaintiff's Reply and does not acknowledge Plaintiff's argument and record citation on pages 4 and 5 of her Reply. The Magistrate Judge's factual references are the same as those found in Plaintiff's Reply. [*Compare* Dkt. No. 25 at 7-8 *with* Dkt. No. 22 at 4.][2] For example:

---

[2] The Magistrate Judge also found that "Mr. Wulff and Dr. Wang also indicated that Reece had difficulty squatting and walking; specifically Dr. Wang found that Reece was unable to walk on heels, all of which suggest motor loss." [Dkt. No. 25 at 7-8 (citing R. at 238, 268-69).] Although this fact is not included in Plaintiff's Reply, the record citation is from Dr. Wang's report (R. at 263-70) and Mr. Wulff's examination record (R. at 230-38), which were cited by Plaintiff.

4

| **Magistrate Judge's R&R [Dkt. No. 25 at 7-8]** | **Plaintiff's Reply Brief [Dkt. No. 22 at 4-5]** |
|---|---|
| "Mr. Wulff[] diagnosed Reece with sciatica . . . . [R. at 236, 239.]" | "[C]linical examination [] determined that she had bilateral sciatica. (R. 236, 239)" |
| "The pain in her back radiated down her legs. [R. 235, 239.]" | ("[T]he pain and numbness radiated down her legs, . . . . (R. 235)" |
| "Mr. Wulff and Dr. Wang indicated that Reece had limited range of motion, so much so that Dr. Wang recommended that Reece not do any bending. [R. 235, 267, 269.]" | "[C]linical examination [] determined that she had limited range of motion and muscle aches radiating down both legs. (R. 235)" |
| "Dr. Wang further found that Reece had limited strength in her left lower extremity which suggests muscle weakness. [R. 269.]" | "[E]valuation for Social Security by Dr. Wang MD [] determined that her left lower extremity had limited strength (weakness) due to left hip pain and back pain. (R. 267-69)." |
| "Reece also complained of numbness in her left leg down to her feet and sometimes in the right leg. [R. 239, 264.]" | same |
| "Dr. Wang also noted that Reece had positive straight leg tests in the supine position. [R. 267.]" | "[M]edical evaluation for Social Security by Dr. Wang MD [] determined that she had positive straight leg raising test due to back pain. (R. 266-67)" |

Yet, even if Plaintiff had not fully developed her arguments related to Listing 1.04A in her opening Brief, the Magistrate Judge afforded the Defendant an opportunity to file a surreply. "Although a party generally waives an argument that it raises for the first time on reply, [Plaintiff] did not do so here because Defendants had an opportunity to respond to the argument." *CHC Cobrasource, Inc. v. Mangrove Cobrasource, Inc.*, No. 12 C 1832, 2012 WL 1952930, at *1 (N.D. Ill. May 30, 2012) (citing *Jordan v. City of Chicago*, No. 08 C 6902, 2012 WL 254243, at *4 n.1 (N.D. Ill. Jan. 27, 2012) (entertaining argument that plaintiff raised for the first time on reply where defendant had the opportunity to respond to the argument); *Moorehead v. Duetsche Bank AG,* No. 11 C 106, 2011 WL 4496221, at *5 (N.D. Ill. Sept. 26, 2011) (no waiver of arguments raised on reply where

5

the court allowed sur-reply)). Because Defendant had an opportunity to respond to Plaintiff's Reply, no waiver occurred and certainly Defendant has not been prejudiced.

**B.     The ALJ's Finding that Plaintiff's Impairments Did Not Meet or Medically Equal A Listing Was Not Supported by Substantial Evidence.**

In her decision, the ALJ provides a two sentence analysis at Step 3 related to a comparison of Plaintiff's impairments and those listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. The ALJ found:

> The undersigned reviewed the various listings in 20 CFR Part 404, Subpart P, Appendix 1, but finds that the record fails to evidence the requisite elements of any. No treating or examining physician has mentioned findings equivalent in severity to the criteria of any listed impairments, nor does the evidence show medical findings that are the same or equivalent to those of any listed impairment.

[R. at 24.] The Magistrate Judge recommends that this analysis is not supported by substantial evidence because the ALJ failed to build a logical bridge from the evidence of the record. [Dkt. No. 25 at 8.] We agree.

Defendant argues that "the ALJ's decision should not be vacated on the basis of the evidence cited by the magistrate judge (Doc. 7-8)" because that evidence was acknowledged by the ALJ. [Dkt. No. 26 at 3.] Defendant contends that:

> Although Dr. Wang's opinion and Wulff's form contained some findings potentially related to Listing 1.04A criteria, the ALJ adequately addressed these source's records. For example, the ALJ reasonable found Wulff's form to be vague (Tr. 25). **As such, Wulff's form did not prove that Listing 1.04A was met or medically equaled.** Neither Plaintiff nor the magistrate judge denied that this was a legitimate rationale.

[*Id.* at 4 (emphasis added).] Defendant's argument highlights the insufficiency of the ALJ's analysis. The ALJ did not articulate in her opinion that "Wulff's form did not prove

6

that Listing 1.04A was met or medically equaled" as Defendant suggests. In fact, the ALJ found that Mr. Wulff's opinions were "given some limited weight" and that his "opinion is quite vague, but is generally consistent with the record." [R. at 25.] The ALJ failed to "provide some glimpse into her reasoning . . . [and] build an accurate and logical bridge from the evidence to her conclusion." *Dixon*, 270 F.3d at 1176. Because the ALJ gave some weight to Mr. Wulff's opinions and found them generally consistent with the record, we are in the dark as to the ALJ's reasoning behind her conclusion that Plaintiff's impairment is not of a severity to meet or medically equal the criteria of an impairment listed in 20 CFR Part 404, Subpart P, Appendix 1.

Defendant next argues that the ALJ's decision should be read as a whole and that, although the ALJ did not specifically identify any listing, her reasoning and consideration of evidence supports a finding that Plaintiff's impairment is not the same or equivalent to a listed impairment. Defendant likens the ALJ's decision in this case to others where, although the ALJ did not specifically refer to a listing, the ALJ sufficiently articulated his/her decision such that the ALJ's analysis was not perfunctory when the decision is read as a whole. [Dkt. No. 26 at 5 (citing *Adkins v. Astrue*, 226 F.App'x 600, 605-06 (7th Cir, 2007); *Pope v. Shalala*, 998 F.2d 473, 481 (7th Cir. 1993; *Rice*, 384 F.3d at 370 n.5; *Fox v. Heckler*, 776 F.2d 738, 743 n.2 (7th Cir. 1985)).] Here, however, the Magistrate Judge performed a thorough analysis of the Seventh Circuit case, *Ribaudo*, 458 F.3d 580, and found that decision to be controlling. [Dkt. No. 25 at 6-8.] The Magistrate Judge found that similar to the ALJ in *Ribaudo*, the ALJ here performed a perfunctory analysis at Step

7

3 that necessitates remand. Defendant did not distinguish *Ribaudo* and she did not object to Magistrate Judge's analysis of *Ribaudo* and its application to the facts of this case.

Moreover, we find the cases cited by Defendant to be distinguishable. In *Adkins*, the ALJ ordered a supplemental hearing so the claimant could be examined by two psychologists and "devoted several pages of his decision to an exhaustive discussion of the psychological and intelligence testing, weighing the opinions of the mental health specialists, and considering the issues relevant" to the listing at issue. *Adkin*, 226 F.App'x. at 605-06. In *Rice v. Barnhard*, the ALJ discussed the claimant's "'severe physical impairments' in detail and referred to numerous specific exhibits" including surgeries, injuries, doctor opinions, and treatment. 384 F.3d at 379.[3]

Defendant points us to pages 23-26 of the Record as the ALJ's consideration of Plaintiff's "mild" test results and the "opinions of doctors who agreed that Plaintiff did not meet or medically equal a listing." Yet, pages 23-24 of the Record relate to the ALJ's analysis of Plaintiff's obesity and mental disability claims. The ALJ considered Plaintiff's impairments in a total of one page in her nine page decision. [R. at 25-26.] In six paragraphs, the ALJ summarized 485 pages of medical records. The ALJ considered Mr. Wulff's opinion with "some limited weight" that was "generally consistent with the

---

[3] The Defendant also cites to *Pope v. Shalala*, 998 F.2d 473, 481 (7th Cir. 1993). In that case, the court found that the ALJ's minimal articulation of his analysis at Step 3 was "not a model of clarity" but was "enough" to show his "justification for rejecting or accepting the evidence of disability." *Id.* The *Pope* case predates the *Ribaudo* case by thirteen years. Moreover, the *Pope* decision was overruled on other grounds by *Johnson v. Apfel*, 189 F.3d 561, 562-63 (7th Cir. 1999). We believe the more recent and factually-similar decision *Ribaudo*, cited by the Magistrate Judge, is the more accurate precedent for the Seventh Circuit's requirement of an ALJ's Step 3 analysis.

8

record." Mr. Wulff offered a diagnosis of sciatica and opinion that Plaintiff's condition "may worsen to the point of [her being] unable to work." [R. at 25.] The ALJ gave Dr. Wang's opinion "great weight" because it was "generally consistent with the evidence of record." [R. at 26.] Dr. Wang's report included limited straight leg raises, chronic back pain, arthritis, and necessary restrictions for standing, walking, and lifting along with difficulties climbing or frequent bending. [*Id.*] Not only is it unclear to the Court how the ALJ concluded that Plaintiff's impairment did not meet or medically equal Listing 1.04A when the ALJ did not mention it in her decision, but the Court cannot find that the remainder of the ALJ's analysis was so thorough that her failure to mention Listing 1.04A is a mere formality.

In fact, the Magistrate Judge's recitation of the medical history (to which Defendant did not object), includes significant facts absent from the ALJ's decision. The Magistrate Judge noted treatment from Midwest Pain Management from Dr. Ross who indicated Plaintiff had a herniated disc; Dr. Wolf's observations that Plaintiff had a limited range of motion, muscle aches, and pain radiation down both legs; and Dr. Wang's report that Plaintiff had limited strength in her lower extremity. [Dkt. No. 25 at 2.] None of these facts are included in the ALJ's decision and all potentially relate to a determination of whether Plaintiff's condition meets or medically equals Listing 1.04A.

The Defendant argues that because the ALJ considered the Disability Determination and Transmittal (DDT) forms, substantial evidence exists to support the ALJ's determination that Plaintiff's impairments did not meet or medically equal a listing. [Dkt. No. 26 at 5-6.] Defendant claims that because the DDT forms evidence residual functional

9

capacity assessments, "[the doctors] considered and determined that Plaintiff's impairments did not meet or medically equal a listing." [*Id.* at 6.] Defendant relies on *Jones ex rel. Morris v. Barnhart*, 315 F.3d 974, 978-79 (8th Cir. 2003). Yet, in *Jones*, the Court provided that "[t]he ALJ concluded that Morris' case did not fall within the listed cardiac impairments party because the listings require the debilitating symptoms occur while on 'a regimen of prescribed treatment' and be evidenced by certain types of medical tests, such as an exercise test," which was supported by the evidence *and* the consulting doctor from the agency responsible for disability determinations. *Jones*, 315 F.3d at 977-78. No similar analysis was documented in the ALJ's determination here. The DDT forms do not provide the logical bridge from the evidence of the record to the ALJ's conclusion that Plaintiff's impairments do not meet or medically equal a listing.

Defendant attempts to explain the ALJ's treatment of the evidence by arguing that Mr. Wulff is not an "acceptable medical source" because he is a physician's assistant. [Dkt. 26 at 4.] The Magistrate Judge rejected this argument because "the ALJ did not give this as a reason in her step three determination or as a reason for according Mr. Wulff's [opinion] some limited weight." [Dkt. No. 25 at 9; *see* Dkt. No. 24 at 2 ("The physician's assistant, who was not an 'acceptable medical source' . . . .").] The Magistrate Judge found that the Commissioner's attempt to explain the ALJ's reasoning on a basis "that the agency itself had not embraced" is prohibited by *Chenery Corp.*, 318 U.S. at 87-88. [Dkt. No. 25 at 9.] The Defendant's objection is non sequitur.

Defendant contends that this Court may consider this "fact" because the Court should not "remand a case in quest of a perfect opinion unless there is reason to believe

that the remand might lead to a different result" and suggests that the ALJ's minimal articulation of its decision was harmless error. [Dkt. No. 26 at 4-5.] Defendant points to caselaw that even if the "ALJ did not perfectly explain her decision . . . remand is not required for every minor purported error, logical flaw, or inconsistency." [*Id.* at 4 (citing *Henke v. Astrue*, 498 F.App'x 636, 641 (7th Cir. 2012)).] Defendant misses the point. Defendant does not contend that the ALJ made a minor error in considering the opinion of Mr. Wulff. Instead, Defendant urges the Court to uphold the ALJ's decision by providing a rationale for the ALJ's determination that the ALJ "had not embraced." This the Court will not do. *See Chenery,* 318 U.S. at 87-88 ("The grounds upon which an administrative order must be judged are those upon which the record discloses that its action was based."); *Parker v. Astrue*, 597 F.3d 920 (7th Cir. 2010) ("[T]he *Chenery* doctrine . . . forbids an agency's lawyers to defend the agency's decision on grounds that the agency itself had not embraced."). We agree with the Magistrate Judge that the acceptability of Mr. Wulff's opinions cannot be a basis to uphold the ALJ's decision.

## Conclusion

We find that Defendant's objections to the Report and Recommendation of the Magistrate Judge lack merit. Therefore, Defendant's objections are OVERRULED and we adopt the recommendations set forth in the Magistrate Judge's Report and Recommendation.

IT IS SO ORDERED.

Date: 9/22/2014

*Sarah Evans Barker*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Patrick Harold Mulvany
patrick@mulvanylaw.com

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov